FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JAN 10 PM 3: 09

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. **WDQ13CV0090** |
| $32,500 in U.S. CURRENCY, | : | |
| Defendant. | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS *IN REM*

2. The defendant property consists of $32,500 in U.S. Currency (hereinafter, the "Defendant Property").

3.　　　　　The Defendant Property was seized on April 23, 2012, at 1010 Armistead Way, Baltimore City, pursuant to the execution of a search and seizure warrant in the State and District of Maryland.

## JURISDICTION AND VENUE

4.　　　　　Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5.　　　　　This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6.　　　　　Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7.　　　　　The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.　　　　　The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Maria Pena, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff has such other and further relief as the case may require.


Dated: January 9, 2013

                Respectfully submitted,

                Rod J. Rosenstein
                UNITED STATES ATTORNEY
                District of Maryland

                */s/ Stefan D. Cassella*
                Stefan D. Cassella
                Assistant United States Attorney
                36 South Charles Street
                Fourth Floor
                Baltimore, Maryland 21201
                Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $32,500.00 in United States currency seized on April 23, 2012.

I, Maria E. Pena, task force officer of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $32,500.00 in United States currency seized on April 23, 2012, constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On April 22, 2012, Officer Robinson and Officer Testa of the Baltimore Police Department stopped a 2003 Volkswagen Passat bearing Maryland tag number 2AR9990 (the "vehicle") for a window tint violation in the 6400 block of Pulaski Highway, Baltimore, Maryland.

b. Keith Trainor ("Trainor" or "Keith") was identified as the driver. Megan Ramirez ("Ramirez") was identified as the passenger.

c. The vehicle is registered to Keith Joseph Trainor of 1010 Armistead Way, Baltimore, Maryland.

d. The officers asked Trainor and Ramirez if there was anything illegal on their person or in the vehicle, at which time both Trainor and Ramirez advised "no."

e. Officers detected the odor of marijuana emanating from the vehicle.

f. Officers then asked Trainor and Ramirez to exit the vehicle.

g. Officers conducted a probable cause search of the vehicle.

h. Officer Robinson located a large plastic shopping bag in the vehicle which contained the following items: one gallon-sized zip lock bag containing marijuana, one black plastic bag containing 26 clear plastic bags containing marijuana, and one large zip lock bag with an apple icon containing 11 clear zip lock bags containing marijuana.

i. Trainor and Ramirez were placed under arrest for drug violations. Also, Trainor was issued a repair order for the window tint violation.

j. On April 23, 2012, officers investigating Trainor obtained a search warrant for Trainor's residence: 1010 Armistead Way, Baltimore, Maryland.

k. On April 23, 2012, at approximately 4:45 p.m., members of the Baltimore Police Department responded to 1010 Armistead Way to execute the search warrant. Upon arrival, officers responding to the rear area observed two white males running out of the back of the dwelling. One male was apprehended and was identified as Shane Hess ("Hess") of 829 Chesaco Avenue, Rosedale, Maryland. The second male escaped. Officers later learned that the second male was Trainor.

l. The other responding officers knocked on the front door and announced "search warrant" several times without receiving a response. Officers forced entry into the dwelling at which time they located Krystal Trainor ("Krystal"), Keith Trainor's sister, in the living room area. Officers escorted Hess back into the dwelling and advised Krystal and Hess of their Miranda rights.

m. Officers conducted a search of the dwelling, and recovered the following:
   1. Two clear plastic bags containing marijuana located at the back steps.
   2. A purple cloth bag containing $32,500.00 in U.S. currency located on a kitchen chair.
   3. Court documents in Keith Trainor's name for the April 22, 2012, incident located on the kitchen table.
   4. Three plastic bags containing marijuana, and a large black plastic bag which contained the following: one large clear zip lock bag with 5 clear plastic bags containing marijuana; one large clear plastic measuring container with a lid containing 6 clear plastic bags containing marijuana; and one clear plastic jug with a lid containing 158 clear zip lock bags containing marijuana. All of these items were located on top of a shed immediately outside of the dwelling with an approximate three-foot drop from a room on the second floor. The room's window was found open at the time of the search.

n. Krystal Trainor and Hess were placed under arrest and subsequently charged with drug violations.

o. Krystal has a prior drug-related arrest for an incident on October 10, 2011, when she Keith had been arrested for drug violations.

p. Hess has an extensive criminal record of drug-related arrests, including two convictions.

q. Trainor's criminal history from 2008 through October 2012 indicates that, in addition to his drug-related charges, he has been arrested for unauthorized use of a motor vehicle, burglary, and theft. Also, Trainor has been arrested on a drug-related offense and charged with theft since the April 22 and 23, 2012, incidents.

r. A check for wages and employment with the Maryland Department of Labor, Licensing and Regulation was conducted for Trainor, Krystal, and Hess. The inquiry revealed no records of any legitimate income reported for Trainor, Krystal, or Hess.

s. Both the amount of drugs seized, 38 bags of marijuana from Trainor's vehicle on April 22, 2012, and 174 bags of marijuana from Trainor's residence on April 23, 2012, and his record of drug violations, support a reasonable belief that Trainor and his associates have been involved in drug distribution, thereby generating and investing drug proceeds to further their trade.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE BALTIMORE POLICE DEPARTMENT IN REFERENCE TO THE SEIZURE OF $32,500.00 U.S. CURRENCY FROM KEITH TRAINOR AND KRYSTAL TRAINOR ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Maria E. Pena
Task Force Officer
Drug Enforcement Administration

## VERIFICATION

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: January 9, 2013

_____
Stefan D. Cassella
Assistant U.S. Attorney